THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD EUGENE MARRA, Appellant.

Third Department, May 16, 1956.

*Albert Berkowitz, District Attorney,* for respondent.

*Floyd Eugene Marra,* appellant in person.

FOSTER, P. J. Appeal from an order of the Supreme Court, Washington County, denying application in the nature of *coram nobis.*

Appellant was sentenced as a second felony offender on September 21, 1948, to three indeterminate consecutive sentences of from 5 to 10 years after a plea of guilty to the crimes of burglary, third degree, grand larceny, second degree, and criminal negligence.

Appellant's first felony conviction was had upon a plea of guilty on April 11, 1938, in the Supreme Court of Washington County. In 1952 he sought by way of *coram nobis* to void this conviction on the ground that he was not advised by the sentencing court of his right to counsel. A hearing was held at which appellant testified and also the former District Attorney of Washington County. The substance of appellant's testimony was to the effect that he was not advised of his right to counsel. None of the court records relative to that conviction and sentence indicates whether or not appellant was so advised. The District Attorney conceded however that appellant was not represented by counsel. He also testified that appellant was arraigned on April 7, 1938, with other defendants, and then he testified further as follows: '' Most of them pleaded 'not guilty' and their cases were presented to the County Court. Marra and a man named Bennett upon arraignment pleaded guilty. Judge ALEXANDER told both of them that it was customary to send these cases to the County Court, and asked them if they had consulted attorneys, and each of them said they had not. He said in words or substance, ' I will send your cases to the County Court. You can have an attorney and the cases can be disposed of there.' Marra stated, and I admit very frankly that my recollection may be in error as to whether it was Marra or Bennett, but it was one of them who said: ' I want to be sen-

tenced here. I want to get it over with ' and Judge ALEXANDER said, ' I will send both of you back to jail and you can think it over for a few days.' They were returned on April eleventh, and Judge ALEXANDER again suggested that pleas of not guilty be entered and that the cases be transferred to the County Court. One of the men and once again I cannot be certain it was Marra, said: ' I want to be sentenced here,' and Judge ALEXANDER said, ' if you want to be sentenced here, I will accommodate you,' and both men were sentenced.''

After this hearing in 1952 the court denied the application for *coram nobis* and stated as a part of his decision as follows: '' We have here a situation where the District Attorney testifies in considerable detail as to what occurred in the Court room before Judge ALEXANDER with two prisoners then being arraigned, this petitioner-defendant and one Bennett, and the discussion as to his having the benefit of the advice of an attorney at law. I think that the testimony which the District Attorney has given here, coupled with all the other circumstances, is sufficient for me to hold that this man, Marra, was advised of his rights to an attorney, and sufficient to establish or re-establish the presumption of regularity on the part of the proceedings before Mr. Justice ALEXANDER.''

Apparently the entire stenographic report of the first hearing was made a part of the record of the second hearing. At least it forms a part of the record before us with the acquiescence of the District Attorney, and the Special Term considered it. No additional evidence was offered except two certified copies of indictments. Although appellant did not appeal from the order denying his first application we are nevertheless constrained to consider the record as a whole. The strict principles of *res judicata* do not apply in *coram nobis* proceedings (*Matter of Bojinoff v. People,* 299 N. Y. 145).

Appellant was entitled to be advised of his right to counsel in clear and unequivocal terms. Nothing more was required but nothing less would satisfy his constitutional right. In our opinion he was not so advised. The testimony of the then District Attorney, whose veracity is not disputed, so indicates. Appellant was told, in the company of another defendant, that if he changed his plea and permitted the case to go to the County Court, he could have an attorney. He had already been allowed to plead guilty without being advised of his right to counsel. The language of the sitting Judge was neither clear nor unequivocal. In fact, it was somewhat ambiguous and subject to varying constructions. Certainly, it was not the forthright advice required that appellant was entitled to counsel,

and although there is no proof that he said anything in reply thereto, a waiver of his right to counsel cannot be justly predicated thereon. Under the circumstances the 1938 conviction must be declared a nullity.

The District Attorney of Washington County should be directed to present an order accordingly, and take what other steps may be appropriate in the case.

COON, HALPERN and ZELLER, JJ., concur; GIBSON, J., taking no part.

Order reversed, on the law, and application granted.