Harold P. Kelly, J.
This is an application by an inmate of the Attica State Prison for an order vacating and setting aside a judgment of conviction had in this court on February 20, 1942. The factual background of the application is undisputed. The defendant, indicted on January 30, 1942, appeared with counsel on that date and entered a plea of not guilty. Subsequently that plea was withdrawn and one of guilty entered in its place. On February 20,1942, the defendant appeared for sentence without his attorney and then advised the court that his attorney had been called to the service of his country. The court replied that defendant’s counsel had conferred with the court prior to his departure and proceeded to impose sentence.
In July of 1953, the defendant instituted a so-called coram nobis proceeding in this court to vacate the 1942 conviction upon the grounds that he was without counsel at the time of sentencing and that a sentence promise, which induced his plea of guilty, had not been honored. A hearing was held upon these allegations and the petition denied on September 4, 1953. This denial was affirmed upon appeal to the Appellate Division, Fourth Department (283 App. Div. 433). The latter court held specifically that the absence of counsel at the time defendant was sentenced was not such a deprivation of the defendant’s constitutional or statutory rights to counsel as to render the sentence irregular. That decision, to a considerable degree, relied upon the holding of the United States Supreme Court in Betts v. Brady (316 U. S. 455) to the effect that the due process requirement of the Fourteenth Amendment to the United States Constitution did not require the assignment of counsel in non-capital prosecutions in State courts in the absence of special circumstances indicating that a fair hearing could not be had without such an assignment. Betts v. Brady has since been overruled by Gideon v. Waimvright (372 U. S. 335) and despite the fact that Hasenstab has been cited as a precedent for the proposition that the absence of counsel at the time of sentence is not a ground for vacation of the sentence (People ex rel. Jones v. Chemung County Ct., 8 A D 2d 860; People ex rel. La Mere v. Jackson, 9 A D 2d 843; People v. Christian, 15 A D 2d 840) it too has been regarded by the court which decided it as overruled by later Federal decisions. (People v. Callahan, 19 A D 2d 585.)
The situation here is unique since the question of law presented was resolved against the defendant earlier by the Appel *107 late Division of this court. However, it appears safe to say now that the effect of later Federal decisions, including that in Gideon and those which had interpreted the Gideon holding as having retroactive application (see Doughty v. Maxwell, 376 U. S. 202; Pickelsimer v. Wainwright, 375 U. S. 2; United States ex rel. Durocher v. La Vallee, 330 F. 2d 303), have removed the basis for that earlier decision and that were the same question presented de novo it would be decided in favor of the defendant. This is made plain by the action of the Appellate Division in remanding for resentence one who had not been advised of his right to counsel upon sentence (People v. Callahan, supra). It appears then that applications to vacate sentences made upon the same ground as is this petition would be entertained whether the convictions were before or after Hasenstab and it seems fairly clear that the doctrine of res judicata would not impede such applications as might have been made and denied previously (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Marra, 1 AD 2d 545).
If these conclusions be correct, neither logic nor justice would justify denial of relief to this defendant and that relief should be available in the trial court rather than by way of appeal.
The application to set aside the judgment of conviction entered here against the defendant on February 20, 1942, should be granted to the extent only that the sentence imposed is vacated and the defendant remanded for resentencing.