Dye, J.
In this appeal by permission, we again deal with the admissibility into evidence of a statement made by an accused not in the presence of retained counsel.
The facts establish that, pursuant to a duly issued and valid warrant, the business premises of a codefendant, Tele-A-Flash, Inc., and the apartment where this defendant, Friedlander, resided, were simultaneously searched on the afternoon of January 3, 1962, in connection with alleged book-making activities. A quantity of evidentiary material, documentary and otherwise, was seized.
On the same afternoon the defendant Friedlander was taken to the New York County District Attorney’s office for questioning as to her participation. Later in the evening of the same day, the defendant’s attorney appeared at the District Attorney’s office and, upon request, was allowed to consult privately with his client for upwards of one-half hour by the police officer having custody of defendant. Upon the conclusion of the consultation, the attorney requested the officer to arrest and arraign his client, but received no reply. The attorney then left.
At about 1:00 a.m. that same night, the officer who had earlier granted defendant’s attorney private consultation privileges interrogated the defendant in the absence of her counsel, during the course of which she admitted to the ownership of certain of the seized material. So far as the record shows, she had not been warned in advance of her rights, either as to counsel or to remain silent, nor does it appear that she requested counsel or declined to answer the questions put to her.
At the trial the inculpatory admissions thus obtained were received in evidence, over objection, against her. This was prejudicial error. The right to counsel is fundamental (Escobedo v. Illinois, 378 U. S. 478; People v. Donovan, 13 N Y 2d 148) and statements obtained after arraignment not in the presence of counsel are inadmissible (People v. Meyer, 11 N Y 2d 162) as are statements obtained where access has been denied (People v. Failla, 14 N Y 2d 178; People v. Sanchez, 15 N Y 2d 387) and this is so even when counsel cannot obtain access, due to physical circumstances, as in People v. Gunner (15 N Y 2d 226). So it is here. The authorities, knowing defendant *251 was represented by counsel who had requested them to “ arrest and arraign ’ ’ his client, nonetheless, after counsel left, took occasion to elicit damaging admissions from her.
We are satisfied that the search warrants were properly issued and adequately described the places to be searched and were properly executed and that, accordingly, the order denying the defendant’s motion to vacate and set aside the warrants and to suppress the evidence after a hearing was properly made.
The judgment of conviction should be reversed and a new trial ordered.
Chief Judge Desmond and Judges Fold, Van Voorhis, Burke and Bergan concur with Judge Dye; Judge Scileppi concurs in result.
Judgment reversed, etc.