Joseph S. Mattina, J.
Upon reading and filing the annexed petition for a writ of habeas corpus for an order discharging *584 petitioner from the care and custody of the Narcotic Addiction Control Commission sworn to on the 19th day of February, 1969; and upon a writ of habeas corpus granted the 20th day of February, 1969 by this court; and upon all the proceedings heretofore had; and upon the proceedings and hearings before this court on February 27, 1969; March 9, 1969, and April 10, 1969 and upon the papers thereafter submitted to this court and due deliberation having been had, this court finds that:
In June of 1967, petitioner pro se filed a petition praying he be certified a narcotic addict and placed under the care of the Narcotic Commission. Petition was defective in several ways not relevant here. Petitioner filed a new petition on June 22, 1967 and on June 23, 1967 was certified a person addicted to narcotics and placed in the care of the commission by order of the Hon. Wilfred A. Waltemade, Justice of the Supreme Court, New York County. The nature of the commitment process itself and the record of the proceeding held on June 23, 1967 is what is questioned.
In Gideon v. Wainwright (372 U. S. 335) the Supreme Court held unequivocally that a defendant is entitled to counsel at all stages in a criminal proceeding. This is a basic, fundamental constitutional right which can not be taken away or constrained by any court under any circumstances. In People v. Shaver (26 A D 2d 735), the Appellate Division, Third Department, said: “ It must be held, contrary to respondent’s contentions, (1) that if there was ever doubt as to a defendant’s right to counsel 1 in every stage of the proceedings ’ (Code Crim. Pro., § 308), it was resolved by the decision in Gideon v. Wainwright ”. In the case at bar, there is no evidence from the record or from any of the papers that the petitioner was ever afforded the opportunity to obtain retained counsel, nor was he apprised of his right to have counsel furnished if he could not afford retained counsel.
It is petitioner’s petition that not only was his constitutional right to counsel violated, but also his right to counsel under the Mental Hygiene Law as it existed at the time of this commitment. (See L. 1966, ch. 192, § 8, subd. 4, par. a.) That section in part says: “If the alleged narcotic addict appears without counsel, the judge or justice shall advise him that he has the right to the aid of counsel at every stage of the proceedings, and advise him that if he desires the aid of counsel and is financially unable to obtain counsel, then counsel shall be assigned.”
The record in this case is completely devoid of any evidence that the petitioner was properly informed he was entitled to have counsel represent him.
*585 It is also clear from this record that even if this court were to find that petitioner had been informed of his right to counsel, the committing Justice never informed petitioner that he had the right to have counsel appointed for him if he could not provide his own.
The right to counsel is fundamental (People v. Freidlander, 16 NY 2d 248; People v. Hasenstab, 45 Misc 2d 105). To protect this fundamental right, the courts have stated again and again that there is every presumption against a waiver where fundamental constitutional rights are involved (People v. McAllister, 194 Misc. 674). A waiver to be effective must have been exercised understanding^, completely and intelligently.
In People v. Witenski (15 N Y 2d 392), where three youths were arrested and brought before a Magistrate and the Magistrate’s docket book showed the following entries as to each (p. 394):
“1 Defendant brought into court, informed of the charge against him and immediately instructed as follows: “ You are entitled to the aid of counsel in every stage of these proceedings and before any further proceedings are had. You are entitled to an adjournment for that purpose and upon your request I will send a message to any counsel you name within this jurisdiction. Do you desire counsel? ” Defendant answered, “No”.’” The court per Desmond Oh. J. had this to say (p. 395):
“ Nothing was said or suggested by the court to inform these youths that, if they had no money to pay attorneys, the court would assign attorneys to defend them. * * #
“ The condition and position of these young defendants at this nocturnal court session ‘ creates an inference of fact ’ that the waiver, if waiver it was, ‘ was not intelligent ’ (People v. Amos, 21 A D 2d 80, 83)”.
In the case at bar, the blank warning, left unsigned is surely not evidence of any waiver of the right to counsel; indeed the very fact that it is not completed tends to prove both that petitioner was not advised of his rights and secondly that he never waived them, if advised. It is
Directed that the order of certification pursuant to section 206 (subd. 4, par. c) of the Mental Hygiene Law made and entered herein on the 22d day of June, 1967 be, and the same is, set aside; and that the petitioner herein be discharged forthwith from the care and custody of the Narcotic Addiction Control Commission, and it is further
Directed that the said Michael Coffin, the alleged narcotic addict herein be provided with transportation from the place *586 wherein he is now detained by the said Narcotic Addiction Control Commission to the place of his residence, New York City, as appears in the records of the said commission, and that he shall be provided with such clothing upon release as shall be prescribed by current procedures of the commission.