■ The People of the State of New York, Respondent, v David Lee Hardy, Appellant.—Judgment affirmed. Memorandum: Following a stop for a traffic violation in the State of Ohio on June 16, 1978, defendant was arrested on an outstanding New York State parole violation warrant. Ohio police learned that property found on his person had been stolen from a Ms. Keeling, a Rochester, New York, resident. Thereafter, a Rochester police

officer, en route with defendant to an Ohio airport for a return flight to Rochester, advised him of the charges on which the parole violation warrant was based and told defendant that he would like to talk with him about the Keeling property. Defendant stated that he found the property on Atlantic Avenue (Rochester) and that further information could be obtained from his lawyer. On June 22, 1978 a lineup was organized at the Monroe County Jail in Rochester. The defendant was informed that he had a right to have an attorney present while the lineup was being conducted and "that he could make as many phone calls as he wanted". At the suppression hearing, Officer Alan Noble described the situation in this way: "He tried to [contact a lawyer] and his lawyer wouldn't be available for a few days, and he was advised that he could * * * try to get somebody else; and he stated that he didn't want to". No attorney was present at the lineup and Ms. Keeling identified the defendant as the robber. Defendant appeals from a judgment of conviction for robbery in the first degree based upon his plea of guilty. He contends that his oral statement concerning the stolen property should have been suppressed and that he was denied his right to counsel prior to his participation in the lineup which requires suppression of identification testimony. Defendant's oral statement was not the product of custodial interrogation. The statement of the police officer to which the defendant responded was declaratory and prefatory and was not "designed to elicit statements from the defendant" (People v Huffman, 41 NY2d 29, 33; cf. People v Garofolo, 46 NY2d 592). "Inducement, provocation, encouragement or acquiescence" was not "subtly employed" People v Maerling, 46 NY2d 289, 302-303; People v Rogers, 48 NY2d 167). Even though the defendant was in custody and had not been given the Miranda warnings, his spontaneously volunteered statement is admissible (People v Kaye, 25 NY2d 139, 144). Further, defendant was not denied his right to counsel at the lineup. Although it is "desirable" that counsel be present at the lineup (People v Blake, 35 NY2d 331, 340; People v Suleski, 58 AD2d 1023, 1025), an accused has no absolute right to an attorney prior to the commencement of criminal proceedings (Kirby v Illinois, 406 US 682; People v Skinner, 71 AD2d 814). Here no accusatory instrument charging the defendant with a crime involving Ms. Keeling had been filed (see, generally, People v Settles, 46 NY2d 154). However, "When an accused, at any stage * * * to the knowledge of the law enforcement agencies, already has counsel, his right or access to counsel may not be denied" (People v Blake, supra, p 338). Even where the defendant is represented by counsel in an unrelated criminal proceeding "police may not elicit from him any statements, except those necessary for processing or his physical needs. Nor may they seek a waiver of this right, except in the presence of counsel" (People v Rogers, supra, p 173). Based on the record before the court, it does not appear that a lawyer representing the defendant had entered the criminal proceedings involving the investigation of the Keeling robbery or any other criminal proceeding against the defendant prior to the conducting of the lineup. The defendant simply did not communicate to the police that he "already has counsel" (People v Blake, supra). The defendant's references to an attorney are obscure and in no way can we say that the police knew that the defendant, in fact, had a lawyer. He failed to identify his attorney and did not express a desire to obtain other counsel. The most that can be said here is that the defendant manifested a desire to consult with an attorney. But as the Court of Appeals stated in People v Perez (42 NY2d 971, 972): "Since counsel had not been previously retained [citation omitted], the defendant's request that an attorney be obtained for the lineup is not significant; it could not create a

right to counsel where none existed". In any event, he made no request that an attorney represent him at the lineup. All concur, except Hancock, Jr., and Doerr, JJ., who dissent and vote to reverse and grant the motion to suppress, in the following memorandum.

Hancock, Jr., and Doerr, JJ. (dissenting). We see nothing "obscure" in the defendant's statement, made while en route to the Ohio airport in reply to Officer Johnston's questions about the Keeling robbery, that "he didn't care to talk about it; that anything we wanted to know about the property we could obtain from his lawyer." Nor is there anything ambiguous in defendant's conduct in attempting to telephone his attorney prior to the lineup, or in his communication to Officer Noble after his unsuccessful effort to reach his lawyer that "he tried to [contact his lawyer] and his lawyer wouldn't be available for a few days" or in his reply when advised that he could get other counsel that "he didn't want to." The import, we think, was unmistakable: the defendant had a specific lawyer and he desired representation by that lawyer and no one else during the lineup. The rule of *People v Blake* (35 NY2d 331) therefore applies: "When an accused, at any stage, before or after arraignment, to the knowledge of the law enforcement agencies, already has counsel, his right or access to counsel may not be denied." *(People v Blake, supra,* p 338; see *People v Burwell,* 26 NY2d 331; *People v Gursey,* 22 NY2d 224; *People v Arthur,* 22 NY2d 325; *People v Friedlander,* 16 NY2d 248.) That defendant did not divulge the name of his attorney is of no consequence. (See *People v Blake, supra; People v Gursey, supra.)* No reason has been offered for not postponing the lineup for a few days in order to accord defendant's fundamental right to counsel "the highest degree of respect" which it should command *(People v Rogers,* 48 NY2d 167, 170). Under the circumstances, the court should have granted the motion to suppress the testimony pertaining to the lineup identification. (Appeal from judgment of Monroe Supreme Court—robbery, first degree.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.