THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSEPH SERVIDIO, Appellant.

Second Department, November 10, 1980

APPEARANCES OF COUNSEL

*John F. Middlemiss, Jr. (Anna M. Perry* of counsel), for
appellant.

*Patrick Henry, District Attorney (Maureen S. Hoerger* of
counsel), for respondent.

## OPINION OF THE COURT

HOPKINS, J. P.

The defendant challenges his conviction for burglary in the third degree on several grounds. Only one of the grounds demands elaboration.

The defendant urges that his statements to the police in the absence of his attorney representing him on pending unrelated charges should have been suppressed. Because there is no showing that the police officers taking the statements knew that the defendant was represented by counsel on such unrelated charges, we hold that the statements were admissible and were properly not suppressed. Consequently, we affirm the judgment.

## I

The defendant and Philip Alston were indicted for burglary in the third degree and grand larceny in the third degree emanating from the forcible entry of a house in Huntington Station, Suffolk County. The defendant moved to suppress statements which were claimed to have been made by him at the time of his arrest.

At the suppression hearing the police officer making the arrest testified that while on motor patrol on November 8, 1977 he received a radio call, broadcasting the descriptions of two men wanted as suspects for a burglary. Ten minutes later he saw two men answering the descriptions—one a bearded white male, the other a black male wearing a red hat. He was able to apprehend the white male, but the black male escaped. The defendant's pockets were found to be filled with coins and jewelry.

After the defendant's apprehension, he was read his rights under *Miranda* and waived them. The defendant told the police officer that he "ripped the stuff off from a house on the corner of Broadway and Corlett". Later the defendant was interviewed by a detective and said that he and Alston had met at a delicatessen and planned the burglary; he then told the detective that the door to the house had been forced, and that after taking a television set and money, he and Alston had run to the point where they had been apprehended. Sometime thereafter the detective obtained a written statement from the defendant, who also initialed a knife found at

the scene of the burglary and said that it was a knife carried by Alston during the commission of the crime.

The defendant elicited testimony from an attorney for the Legal Aid Society that at the time of his arrest and questioning he had been represented by the Legal Aid Society on charges of resisting arrest and unauthorized use of a motor vehicle pending in the District Court of Suffolk County. He had pleaded guilty to the charge of unauthorized use of a motor vehicle, and was awaiting sentence scheduled to be imposed on November 14, 1977.[1]

Criminal Term denied the defendant's motion to suppress the statements. Thereafter, in the fall of 1978—before the defendant entered his plea of guilty—he testified at the trial of his codefendant Alston that he had committed the burglary in the company of a black male he named as "John L.", but that Alston had not been present at the burglary.[2]

## II

The defendant argues that his interrogation by the police in the absence of his counsel representing him on the unrelated charges requires the suppression of his statements and the reversal of the judgment (see *People v Rogers,* 48 NY2d 167; *People v Cunningham,* 49 NY2d 203).

In *People v Miller* (76 AD2d 576), Mr. Justice MANGANO reviewed the evolution of the rule governing the right of law enforcement agents to question a suspect represented by counsel in relation to other unrelated charges pending against him. In a thorough and carefully researched opinion he concluded (pp 584-585): "Therefore, since *Rogers* (48 NY2d 167, *supra)* prohibits police questioning, in the absence of counsel, on *related or unrelated matters* once an attorney has become involved in a pending action, and since the commencement of an action is equivalent to an attorney becoming so involved, then all police questioning, in the absence of counsel, concerning matters *related or unrelated* to the pending action is unauthorized. Likewise, *Rogers'* prohibition against the police obtaining a waiver of a defendant's rights to remain silent and

---

1. The sentence was subsequently adjourned to April 12, 1978.

2. Alston was found guilty of burglary in the third degree, upon a jury verdict. On his appeal from the judgment, we reversed on the grounds that the prosecutor's summation deprived Alston of a fair trial and that statements made by him to his parole officer should have been suppressed because *Miranda* warnings had not been given to him by the parole officer *(People v Alston,* 77 AD2d 906).

to be assisted by counsel would apply to the same extent *(People v Rogers,* 48 NY2d 167, 173, *supra)."*

Accepting then, that conclusion as a statement of the present rule, we must now consider whether the absence of a showing that the police at the time of questioning the defendant knew of the existence of the previous unrelated charges against him in which he was represented by counsel creates a material difference rendering the rule inapplicable.

In *People v Rogers,* (48 NY2d 167, 170, *supra)* the defendant had informed the police that he had an attorney. In *People v Cunningham,* (49 NY2d 203, 206, *supra)* the defendant told the police that he wished to consult with an attorney. In *People v Marrero* (51 NY2d 56), one of the latest expressions of the Court of Appeals dealing with the rule, the court said (p 59): "The important factor in these cases was the police awareness of an attorney's appearance on the defendant's behalf, rather than the precise terms of the retainer or appointment. Here, of course, the police were made aware, in the most demonstrable way, of the fact that the defendant was represented by counsel at the time of his arrest. Because of the limited and unusual arrangement the attorney had made with the defendant, that representation may actually have terminated prior to the questioning. But there was no finding that the police were aware of that peculiar arrangement. All they knew was that the defendant had sought the assistance of counsel in connection with the charge they were investigating. If the defendant had verbally expressed a desire to be assisted by counsel during the interrogation, the police would have been precluded from questioning him in the absence of counsel *(People v Cunningham,* 49 NY2d 203). We see no significant distinction between a verbal request for counsel and the defendant's conduct in this case. By consulting a lawyer to contact the police, and then surrendering in the attorney's office with counsel present, the defendant had manifested ' "his own view that he is not competent to deal with the authorities without legal advice" *(Michigan v Mosely,* 423 US 96, 110, n 2 [WHITE, J., concurring]).' *(People v Cunningham, supra,* p 209.)"

Other cases prior to *Rogers* had recognized as a significant factor the awareness of the police that counsel already represented the defendant (see, e.g., *People v Ermo,* 47 NY2d 863, 865; *People v Carl,* 46 NY2d 806, 807). Cases following *Rogers* have similarly recognized the knowledge of the police as a

decisive factor (see, e.g., *People v Russell,* 73 AD2d 791, 792; *People v Hardy,* 73 AD2d 830, 831).

### III

The defendant acknowledges that the record does not establish that at the time of interrogation the police were aware of the charges pending against him and that he had been assigned counsel in connection with those charges. Nevertheless, he contends that knowledge must be constructively implied, since the prior charges were pending in the same county and, presumably, within the same police department. Lack of communication within law enforcement agencies, it is said, cannot impair the defendant's rights *(People v Pinzon,* 44 NY2d 458; *People v McLaurin,* 38 NY2d 123).

The principle on which the defendant relies was defined in *People v McLaurin (supra,* p 126), a case involving the right of a defendant to a speedy trial: "It is thus incumbent upon the People to show that the defendant has not been brought to trial for 'good cause' *(People v White,* 32 NY2d 393, 397; *People v Wallace, supra; People v Winfrey, supra; People v Bryant,* 12 NY2d 719; see, also, former Code Crim Pro, § 667). Prefatorily, of course, knowledge of the defendant's whereabouts by law enforcement authorities must be established. Knowledge on the part of the police department would, of course, be imputed to the District Attorney's office. A defendant ought not be penalized because of any inadequacy of internal communication within the law enforcement establishment (cf. *Santobello v New York,* 404 US 257, 259-260)."

Later, in *People v Pinzon (supra,* pp 463-464), a case in which it appeared that an attorney had sought to obtain access to the accused, had requested that no questioning occur until the attorney was present, and had been misinformed by the police as to the whereabouts of the accused, the court said:

"In *People v Arthur* (22 NY2d 325, 329, *supra)* we held that the right attaches 'once the police know or have been apprised of the fact that the defendant is represented by counsel or that an attorney has communicated with the police for the purpose of representing the defendant'. This does not mean, of course, that the attorney must personally appear at the station house (see, e.g., *People v Gunner,* 15 NY2d 226, 230), or even that he must communicate with the officers who are actually interrogating the defendant. For instance, we have considered the police to be apprised of the attorney's entry

into the proceeding when he communicated with the officer who seemed to be in charge of the investigation (see, e.g., *People v Arthur, supra,* at p 327), or with the chief of police (see, e.g., *People v Gunner, supra).* The People concede as much but urge that the cases stand for the proposition that notice of the attorney's entry into the proceeding must, at least, be made to a police officer responsible for the investigation. Actually the guiding principle in these, and other cases involving the right to counsel is that the defendant's right should not be 'dependent upon "mechanical" and "arbitrary" requirements' *(People v Arthur, supra,* at p 329; *People v Gunner, supra,* at p 232; see, also, *People v Ramos,* 40 NY2d 610; *People v Hobson, supra,* at p 483; *People v Singer, supra).* What is required must always be considered in light of what is practical under the circumstances (see, e.g., *People v Gunner, supra,* at p 232).

"As this case illustrates, the right to counsel is of little value if the attorney cannot communicate with the defendant or with the officials holding him in custody or can only reach them after extended delay when the investigation is, in effect, completed. The police, of course, must recognize this and must also realize that even though the defendant may not have retained counsel prior to being taken into custody, an attorney, later retained by friends or family or otherwise representing him (see, e.g., *People v Arthur, supra,* at pp 328-329), may wish to consult with him while he is being questioned by the police. And when an attorney does not know where the defendant is being held, there is little doubt that the police are better equipped than he is for locating the defendant or the officers immediately or ultimately responsible for the investigation. Indeed if the police have a person in custody they should be charged with knowledge of his whereabouts."

In *People v Spruill* (47 NY2d 869, 871) the principle was applied in a case where the prosecution had failed to serve a notice that the defendant's confession would be offered at trial, because the police had not told the prosecutor of the confession before trial, saying that the knowledge of the police should be imputed to the District Attorney.

We think that the contention that we must place at forfeit the interrogation of a suspect because of a failure of the police to inquire concerning the suspect's status as a defendant under other pending charges distorts the principle and imposes a burden on the police so difficult of performance as to

be well-nigh impossible. In the instant case, for example, the defendant had been arrested on charges in the District Court of Suffolk County some seven months previously, and was free, apparently on bail or on his own recognizance, awaiting sentence. The defendant did not inform the police of these facts, nor was there any patent evidence that the defendant was represented by counsel as to other pending crimes.

A holding consonant with the defendant's contention of constructive knowledge would necessarily mean that before beginning the questioning of any suspect—even one apprehended within minutes of the crime and in possession of the fruits of the crime such as the defendant here—the police must either investigate the court records of pending cases within the jurisdiction or add another inquiry to the *Miranda* cautions to obtain information from the defendant as to the existence of other prior charges against him which are undisposed of. We see no reason to impose another condition precedent on police questioning, particularly when the defendant knows the facts concerning his status as an offender and could readily inform the police at the time of questioning that he is represented by counsel.

In short, we think that in accordance with the precept stated in *People v Pinzon* (44 NY2d 458, 464, *supra),* we should focus on whether the police actually had knowledge of the representation of the defendant by counsel—"[W]hat is required must always be considered in light of what is practical under the circumstances". The balance between the rights of the individual and the responsibilities of the State will be fairly maintained if actual knowledge, not constructive knowledge, is the ingredient of the rule forbidding the interrogation of a suspect when he is represented by counsel on unrelated charges unknown to the police. This does not mean that the police may act by subterfuge to conceal such knowledge, or to overlook the obvious. Equally, it means that the police undertaking the questioning must be possessed with the knowledge of the prior representation.

## IV

As we have already said, we have considered the other issues raised by the defendant and find them meritless. Accordingly, we must affirm the judgment.

MANGANO, O'CONNOR and WEINSTEIN, JJ., concur.

Judgment of the County Court, Suffolk County, rendered February 14, 1979, affirmed.