■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EARL PITT, Appellant. — Appeals by defendant from three judgments of the County Court, Rockland County, each rendered April 24, 1979, convicting him of five counts of burglary in the third degree, upon pleas of guilty, and imposing sentences. The appeals bring up for review the denial of a motion to suppress certain evidence. Judgments reversed, on the law, guilty pleas vacated, motion to suppress granted and case remanded to the County Court, Rockland County, for further proceedings. Defendant was apprehended on December 2, 1978 during the commission of a burglary in West Nyack, New York, given his *Miranda* rights and taken to Clarkstown Police Headquarters. There he was again given his *Miranda* rights and then questioned by Detective Tallman from the Spring Valley Police Department.

Tallman, who had been advised of defendant's arrest in this case by the arresting officer, Detective Hammond, had himself arrested Pitt three months earlier, likewise on a burglary charge. At the time of the prior arrest Tallman sought the defendant's co-operation concerning that incident and told the defendant such co-operation would be brought to the attention of the District Attorney. No co-operation was provided and shortly thereafter the defendant obtained Stuart Goldberg as his attorney. Although aware that Goldberg was the defendant's attorney on the earlier burglary charge when he questioned the defendant on December 2, 1978, Tallman made no effort to contact the attorney. During Tallman's interrogation, defendant, freely and voluntarily, made admissions concerning several burglaries. Shortly thereafter defendant accompanied the detectives to various places he had burglarized and also permitted them to enter his home and retrieve certain stolen property. Based on his admissions, defendant was charged, *inter alia,* with burglary under three indictments. After a *Huntley* hearing the trial court denied his motion to suppress both his admissions and the physical evidence discovered as a result therefrom. We disagree. Once a person is represented by counsel on a pending matter, he may not waive his right to counsel on subsequent questioning about a charge unrelated to the one in which he is being represented unless counsel is present *(People v Rogers,* 48 NY2d 167). Although the determination in *Rogers* does not apply in a situation where the police officers taking the statements did not have knowledge that an accused was being represented by an attorney in another criminal matter *(People v Servidio,* 77 AD2d 191; cf. *People v Pinzon,* 44 NY2d 458, 463), such an exception has no relevance in this case in view of the undisputed fact that at the time of the interrogation Detective Tallman knew of defendant's prior difficulty with the law and also that the latter was represented by an attorney in connection with it. Accordingly, under the circumstances, the inculpatory statements of defendant elicited by Tallman outside the presence of defendant's counsel, and the physical evidence retrieved as a result, should have been suppressed *(People v Rogers, supra; People v Servidio, supra).* Titone, J.P., Gibbons, Gulotta and Margett, JJ., concur.