Gabrielli, J.
(concurring). I, too, am to affirm the order of the Appellate Division sustaining the defendant’s conviction on his plea of guilty, and I do so for all the reasons stated by Justice James D. Hopkins at the Appellate Division.
Additionally, I would note that we are presented with an affirmed finding of fact that the interrogating officer was not aware of the existence of any unrelated charges against the defendant. Indeed, as stated by the majority, “[t]he defendant acknowledges that the officer who questioned the defendant was not aware of the unrelated charge then pending against him and on which he was represented by counsel”. By itself, it is sufficient to mandate an affirmance, and reference to what is termed inferred knowledge (which is but another way of saying “constructive knowledge”) is unnecessary.
I would but add that any reference to the inferred or constructive knowledge theory mentioned by the majority runs counter to the position taken by the dissenters in People v Smith (54 NY2d 954 [decided herewith]). Indeed, we indorse what Justice Hopkins stated in writing for an unanimous court at the Appellate Division (77 AD2d 191, 197) in the case now before us: “In short, we think that in accordance with the precept stated in People v Pinzon (44 NY2d 458, 464, supra), we should focus on whether the police actually had knowledge of the representation of the defendant by counsel — ‘ [w]hat is required must always be considered in light of what is practical under the circum *954 stances’. The balance between the rights of the individual and the responsibilities of the State will be fairly maintained if actual knowledge, not constructive knowledge, is the ingredient of the rule forbidding the interrogation of a suspect when he is represented by counsel on unrelated charges unknown to the police. This does not mean that the police may act by subterfuge to conceal such knowledge, or to overlook the obvious. Equally, it means that the police undertaking the questioning must be possessed with the knowledge of the prior representation”.
Chief Judge Cooke and Judges Jones, Fuchsberg and Meyer concur; Judge Jasen concurs for the reasons stated in the opinion by Justice James D. Hopkins at the Appellate Division (77 AD2d 191); Judge Gabrielli concurs in a concurring opinion in which Judge Wachtler concurs.
Order affirmed in a memorandum.