OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the statements obtained from defendant suppressed, and a new trial granted.
There is no question that the officer who questioned defendant knew that defendant had been arrested eight months earlier on a sodomy charge by the same police de *956 partment. Indeed the officer testified that he assumed that defendant had an attorney on that charge. Since he had actual notice, the officer was “under an obligation to inquire whether defendant was represented by an attorney” on the earlier charge (People v Bartolomeo, 53 NY2d 225, 232; see People v Ramos, 40 NY2d 610, 617-618).
There is, however, no basis for suppression of the evidence obtained from the vehicle used by defendant. There is an affirmed finding of consent of the registered owner, the woman with whom defendant was then living. The fact that she was told the police had a search warrant (later found in validly issued) before she said “it wouldn’t be necessary, that she would cooperate and [the police] could look at the car, to do anything we want to do” does not mandate a finding that she was simply acquiescing to the execution of the warrant rather than consenting to the search.