## (March 30, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY RODRIGUEZ, Appellant. — Judgment, Supreme Court, New York County (B. Roberts, J.), rendered on March 27, 1979, reversed, on the law, the motion to suppress defendant's statement granted, and the matter remanded for further proceedings. Present — Murphy, P. J., Ross, Markewich, Lupiano and Bloom, JJ. Bloom, J., concurs in a memorandum in which Murphy, P. J., concurs; Markewich, J., concurs on constraint of *People v Rogers* (48 NY2d 167); and Ross and Lupiano, JJ., dissent in a memorandum by Ross, J., all as follows:

Bloom, J. (concurring). Defendant Rodriguez, together with two others committed a robbery of the Greek Tavern located on East 86th Street, New York City. Two of the victims selected defendant's picture from a photo array. By checking prison and court records Detective Pagan, to whom the case had been assigned, ascertained that Rodriguez was due at Part AP 17 of the Criminal Court of the City of New York on February 22, 1978. Pagan proceeded to the Criminal Courts Building on the appointed day and stationed himself in the hallway immediately adjacent to Part AP 17. When defendant arrived he arrested him. Pagan took defendant to an empty room in the courthouse and read him his *Miranda* rights. He then asked defendant if he was willing to answer questions in the absence of an attorney to which defendant responded "Not at this time". Rodriguez was then taken to the office of the Manhattan Robbery Squad. A lineup was held at which three of the persons present at the robbery identified defendant as one of the robbers. Following the lineup Pagan repeated the *Miranda* warnings and informed Rodriguez that he had been identified, that he was the first of the robbers to be identified and that if he provided information as to the names and whereabouts of his two other companions, his co-operation would be brought to the attention of the court. Rodriguez then admitted his own complicity in the robbery. He was shown a photo array consisting of eight pictures. Two of those photos were photos of defendant's accomplices. Pagan then asked Rodriguez if the police were in the "right ball park". Defendant did not answer. However, he smiled and nodded his head in the affirmative. Some time later a combined *Wade-Huntley* hearing was held. The hearing court found the lineup to be "most fair". With respect to defendant's statement the hearing court found that Rodriguez "intelligently and knowingly waived his rights, and willingly and voluntarily answered the questions which were posed concerning the occurrence on February 13". As a result, he held the statement admissible. Thereupon defendant pleaded guilty. We take no issue with the hearing court on the propriety of the identification. Its determination that the lineup identification was admissible was clearly proper. The difficulty comes with the holding that the statements were admissible. *People v Rogers* (48 NY2d 167) teaches that once a defendant is represented by an attorney he may not waive his right to counsel except in the presence of his attorney. Whether such representation is in the same or an unrelated case is of no moment. Once the police officer is on notice that representation exists or he has sufficient reason to trigger the belief that defendant is represented he has a duty to inquire. If the inquiry establishes representation, the police officer may not interrogate (*People v Smith,* 54 NY2d 954). Of course, where the police officer is totally unaware of representation on unrelated charges, interrogation is not barred (*People v Servidio,* 54 NY2d 951). The rule has no application to the truly spontaneous statement which is "in no way the product of an 'interrogation environment' [or] the result of 'express questioning or its functional equivalent' ". (*People v Stoesser,* 53 NY2d 648, 650.) Here, Pagan knew from his examination of prison and court records that defendant had appeared at Part AP 17 on February 6, 1978 and had been directed to return on February 22, 1978. He was aware that in normal course counsel would have been designated for him at the earlier appearance. In fact Legal Aid had been designated to represent him prior to February 6, 1978. On that day Legal Aid had asked to be relieved upon the ground that defendant, or someone on his behalf, had posted a substantial cash bail. While the court had directed defendant to obtain private counsel, there is nothing to indicate that Legal Aid had been relieved. Indeed, when defendant did not appear on February 22, 1978, because of his arrest, Legal Aid represented him and requested an adjournment on his behalf. Although the application was denied and a Bench warrant was directed to be issued, the warrant

was stayed until the adjourned date requested by Legal Aid. In sum, Rodriguez was represented by counsel in an unrelated matter at the time of his arrest by Detective Pagan. The circumstances of his arrest were such that Pagan must have known that he was represented by counsel. In these circumstances, the interrogation of Rodriguez by Pagan was improper and should have been suppressed. Where a motion to suppress is erroneously denied and a guilty plea is thereafter entered, rarely, if ever, will an appellate court be able to determine the degree to which such erroneous denial contributed to the plea (*People v Grant,* 45 NY2d 366). Hence, despite the clearcut proof of defendant's guilt we have no alternative but to reverse and remand for further proceedings.

Ross, J. (dissenting). The issue on this appeal is not simply whether the defendant was questioned or a lineup conducted in the absence of counsel, where defendant had been represented by counsel on a prior unrelated matter. A threshold inquiry in the matter before us should be whether the record is sufficient to determine whether defendant was actually represented by counsel at the time of his arrest. A majority of this court finds the record to be adequate; I am not similarly persuaded. When defendant appeared in court on February 6, the Justice presiding directed defendant to obtain new counsel. However, at defendant's next scheduled court appearance, the same attorney from the Legal Aid Society, who had previously represented defendant, requested that the Bench warrant, which was then issued, be stayed. There is nothing in the record to indicate why this attorney was present since the Legal Aid Society was apparently relieved some two weeks prior thereto. Nor have sufficient facts been presented to warrant the conclusion that a continuing attorney-client relationship existed. An examination of the minutes on February 22, 1978, seems to indicate that the trial court believed that this defendant was no longer represented by Legal Aid. If, in fact, the attorney-client relationship ceased on February 6, 1978, nothing that the attorney did subsequently could unilaterally re-establish this relationship. Perhaps, more importantly, the question of representation does not appear to have been raised at the trial level, other than by an incidental discussion. Due process would indicate that more is required. Accordingly, I would simply hold this appeal in abeyance and remand for a hearing to determine this question of representation.