■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MIDDLE-TON, Appellant. — Judgment of the Supreme Court, New York County (Gold-man, J.), rendered on May 19, 1980, convicting defendant after a jury trial of murder in the second degree and sentencing him to 15 years to life, and order of the Supreme Court, New York County (Goldman, J.), entered June 1, 1982, denying defendant's motion to vacate the judgment, held in abeyance and the case remanded to the trial court for a further *Huntley* hearing. The defendant was convicted of murder in the second degree in a trial that was conducted prior to several decisions by the New York Court of Appeals setting forth principles under which actual or constructive knowledge by investigating police officers of a defendant's representation by counsel in connection with a prior unrelated arrest precludes the right to question defendant in the absence of such counsel (see *People v Bartolomeo,* 53 NY2d 225; *People v Servidio,* 54 NY2d 951; *People v Smith,* 54 NY2d 954). Accordingly, neither party had an appropriate opportunity at the suppression hearing that preceded the trial to elicit evidence bearing on the possible application of those subsequently developed principles. Therefore, the case should be remanded to the trial court for a reopened *Huntley* hearing to permit further development of evidence relevant to this issue. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.

■ ADELE SUSLAK, Appellant, v HOWARD SUSLAK, Respondent. — Appeal from order, Supreme Court, New York County (Stecher, J.), entered on March 5, 1982, unanimously dismissed as moot. Were we not dismissing as moot, we would affirm on the merits. Respondent shall recover of appellant $50 costs and disbursements of this appeal. No opinion. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MINOR, Appellant. — Judgment, Supreme Court, New York County (B. Roberts, J.), rendered on July 1, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.

■ In the Matter of MARVIN R. JAVITZ, an Attorney. — Motion granted only to the extent of amending the effective date of respondent's suspension from October 4, 1982 to November 3, 1982. Concur — Murphy, P. J., Sandler, Sullivan, Ross and Milonas, JJ.