■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY HARDING, Appellant. — Judgment of the Supreme Court, Suffolk County (Corso, J.), rendered February 19, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH HUNTE, Appellant. — Judgment of the Supreme Court, Kings County (Goldstein, J.), rendered May 18, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LAMA, Appellant. — Judgment of the Supreme Court, Kings County (Lombardo, J.), rendered July 22, 1980, and, upon appeal by permission, order of the same court (Golden, J.), entered February 19, 1982, affirmed. No opinion. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CECIL TONY LANGE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Vetrano, J.), rendered June 17, 1976, as amended January 24, 1980, convicting him of criminal sale of a controlled substance in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised upon this appeal. Counsel's application for leave to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. LUCARANO, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered October 1, 1981, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The only issue on this appeal is whether the hearing court erred in refusing to suppress the defendant's incriminatory statements obtained in the absence of counsel. It is undisputed that the interrogating officers were aware that defendant had several prior arrests and that he denied that he was represented by counsel when the officers made appropriate inquiry (see *People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225). Defendant would have this court impose a rule which would require the police to check the records within their jurisdiction, upon every arrest, to determine whether the respective defendant was being represented by counsel on an unrelated charge. In *People v Servidio* (77 AD2d 191, affd 54 NY2d 951), this court squarely rejected such a rule. We adhere to that determination herein. Since defendant denied that he was represented by counsel, and voluntarily waived his right to have an attorney present during questioning, his statements were not subject to being suppressed. Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.