■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MIDDLE-TON, Appellant. — Judgment of the Supreme Court, New York County (Goldman, J.) rendered on May 19, 1980, convicting defendant after a jury trial of murder in the second degree and sentencing him to 15 years to life, and order of the Supreme Court, New York County (Goldman, J.) entered June 1, 1982 denying defendant's motion to vacate the judgment, unanimously reversed, on the law, and the matter is remanded for a new trial. The defendant was convicted of murder in the second degree in a trial that was conducted prior to several decisions by the New York Court of Appeals setting forth principles under which actual or constructive knowledge by investigating police officers of a defendant's representation by counsel in connection with a prior unrelated arrest precludes the right to question defendant in the absence of such counsel (see *People v Bartolomeo,* 53 NY2d 225; *People v Servidio,* 54 NY2d 951; *People v Smith,* 54 NY2d 954). Accordingly, neither party had an appropriate opportunity at the suppression hearing that preceded the trial to elicit evidence

bearing on the possible application of those subsequently developed principles. On October 26, 1982 this court held the defendant's appeal in abeyance and directed a reopened *Huntley* hearing to permit further development of evidence relevant to this issue. (*People v Middleton,* 90 AD2d 470.) That hearing has now been held and concluded before Justice Galligan. The court found, and we agree, that the evidence clearly established actual knowledge on the part of the police detective who took defendant's statement that defendant had been recently arrested on an unrelated charge which was still pending. The defendant was represented by counsel on the pending charge, but the detective did not inquire as to the existence of that determinative fact. "Having failed to make such inquiry, the [detective was] chargeable with what such an inquiry would have disclosed — namely, that defendant did have an attorney acting on his behalf." (*People v Bartolomeo,* 53 NY2d 225, 232, *supra.*) The People concede that under the principles set forth in the cases cited above, and the facts established at the reopened hearing, defendant's statement must now be suppressed and his conviction reversed. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.