■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN MURRAY, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury trial convicting him of manslaughter in the first degree. The conviction arises out of defendant's stabbing of another youth outside a teen center in the City of Syracuse. On appeal, defendant claims, *inter alia,* that his confession taken

without the presence of his attorney was inadmissible, as his right to counsel had attached due to a pending unrelated charge. The record at the suppression hearing reveals that at the time of defendant's arrest, there was an outstanding bench warrant for the defendant on a petit larceny charge. While it was not vacated until the charge was formally dismissed the day after defendant's arrest on the murder charge, there is no proof defendant was represented by counsel. Under these circumstances, the police had no duty to ascertain whether defendant had obtained representation on that charge. Defendant's right to counsel attaches immediately if the police know or should have known that the defendant was represented by counsel on a pending unrelated charge (*People v Smith,* 54 NY2d 954; *People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167). Even if we were to conclude that the police should have inquired further, considering the overwhelming evidence of defendant's guilt absent the allegedly tainted confession, there is no reasonable possibility that the error might have contributed to defendant's conviction and it was harmless beyond a reasonable doubt (see *People v Schaeffer,* 56 NY2d 448; *People v Crimmins,* 36 NY2d 230, 237.)

We have considered the other issues raised by defendant and find them to be without merit. (Appeal from judgment of Onondaga County Court, Cunningham, J. — manslaughter, first degree.) Present — Callahan, J. P., Doerr, Denman, Boomer and O'Donnell, JJ.