OPINION OF THE COURT
John J. Connell, J.
The defendant herein has made several requests of. the court in his omnibus motion: (1) to inspect the Grand Jury minutes and dismiss the indictment, pursuant to CPL 210.20 (1) (b) and 210.30, on the grounds that the evidence presented before the Grand Jury was legally insufficient; (2) to dismiss the indictment pursuant to CPL 210.20 (1) (c) and 210.35 (5) because the indictment is defective; (3) for an order pursuant to CPL 710.70 (1) suppressing from use at trial any statements allegedly made by the defendant. After having heard defense counsel in support of said motion and the District Attorney in opposition to said motion, and after having read the papers of both parties and having read the Grand Jury minutes, I make the following findings:
(1) Inspection and Dismissal. Since the burden of proof between a trial jury and a Grand Jury are greatly different, the courts of New York have long held that a Grand Jury need not be instructed on the law with the same detail that is required for a trial jury. It has been held “sufficient if the District Attorney provides the Grand Jury with enough information to enable it [to] intelligently * * * decide whether a crime has been committed and to determine whether there [is] legally sufficient evidence to establish the material elements of the crime.” (People v *307 Calbud, Inc., 49 NY2d 389, 394-395.) Having reviewed the Grand Jury minutes in camera, the court finds them to be legally sufficient.
Accordingly, the motion to dismiss the indictment pursuant to CPL 210.20 (1) (b), 210.30, 210.20 (1) (c) and 210.35 (5) are hereby denied.
(2) Suppression of Statements. The defendant herein has also asked this court to suppress an alleged statement made by him to police officers on the grounds that at the time such statement was given, he was represented by the Public Defender’s office. The question before the court is whether or not a case was pending against this defendant for purposes of the Rogers line of cases. By way of motion papers and oral arguments, the defendant acknowledged that at the time the alleged statement was made by him to police officers, he had already been sentenced under a community service sentencing by the Honorable Joseph Valentino in the Rochester City Court on a charge of petit larceny. He also maintains that he was to appear before Judge Valentino on October 12, 1984, the day the alleged statement was given to the police. That court appearance was for purposes of verifying successful completion of the alternative sentence imposed by Judge Valentino. Both the People and the defendant stipulated that it was for this reason that the defendant was to appear before Judge Valentino, and that there were no other pending charges against the defendant at the time of his alleged confession to police officers. Therefore, the matter of law to be determined by this court prior to a Huntley hearing is whether a case was “pending” at the time of the defendant’s alleged confession.
The Court of Appeals has barred custodial questioning of a suspect who is represented by an attorney even if on an unrelated charge. (People v Rogers, 48 NY2d 167.) Further refinements and distillations of that pronouncement have accounted for a great many of the court’s decisions since Rogers: People v Kazmarick (52 NY2d 322); People v Bartolomeo (53 NY2d 225); People v Hawkins (55 NY2d 474); People v Servidio (77 AD2d 191, affd 54 NY2d 951); People v Smith (54 NY2d 954); and People v Fuschino (59 NY2d 91).
People v Jacobs (115 Misc 2d 954) involved a defendant who had pleaded guilty to unrelated charges for which he failed to appear for sentencing. There the court deemed the former charges to be no longer “pending” at the time his confession was given on the recent charges.
*308 Similarly, where a defendant had failed to pay a fine in accordance with a prior sentence, courts have deemed that charge no longer “pending” at the time of his confession on new charges. (People v Marshall, 98 AD2d 452; People v Gee, 104 AD2d 561.)
In the instant case, the sole reason for returning to court on October 12, 1984 was for the court to receive a report verifying the defendant’s successful completion of a community service sentence. The judgment and sentence of the court had already been imposed.
I find that Rogers and its progeny did not contemplate extending their definition of “pending” to include the circumstances at bar.
Accordingly, the Huntley hearing presently scheduled for 10:00 a.m. on January 17, 1985, will not include any so-called Rogers issues.