OPINION OF THE COURT
Meyer, J.
A pending unrelated criminal case upon which an arrest warrant has issued does not bar the police from questioning a suspect when the suspect does not in fact have counsel on the unrelated charge. Although the right to counsel on the unrelated charge indelibly attaches upon the issuance of an accusatory instrument or warrant on that charge and in relation to that charge proscribes waiver of counsel in the absence of counsel, the unrelated charge is pertinent to the suspect’s right to counsel on a new charge only if the suspect is in fact represented by counsel on the unrelated charge. It *325 appearing from this record that defendant Kazmarick was not represented on the unrelated charge, his right to counsel was not violated by subjecting him to a lie detector test to which he consented, or by questioning him.
The order of the Appellate Division affirming defendant’s conviction on his plea of guilty should, therefore, be affirmed.
Defendant, an alcoholic, was a suspect in the arson deaths of five persons in the Village of Monticello in Sullivan County. On the day of the fire he consented to take a polygraph test, but the test was aborted because his state of intoxication at the time rendered any result unreliable. The next day defendant was arrested on charges of disorderly conduct, assault on a police officer, escape, and criminal mischief. Counsel was appointed for him on those charges, which were satisfied by defendant’s plea at arraignment in the Village Court to the disorderly conduct charge. Defendant was sentenced to a 15-day term in the county jail.
Two days after his incarceration for disorderly conduct, defendant was scheduled to appear in the Justice Court of the Town of Thompson, a neighboring jurisdiction, on a pending five-month-old shoplifting charge for which he had been given a desk appearance ticket. When he failed to appear on that charge the Town of Thompson Justice issued an arrest warrant for defendant which was filed with the Sullivan County Sheriff.
Upon the expiration of his disorderly conduct sentence, defendant, now sober, was met at the jail by the detectives investigating the arson and taken once again for a polygraph test. No attempt was made to execute the shoplifting warrant. After the second test defendant was told that his answers were untruthful. He then admitted that he had unintentionally set a fire in the stairwell which he tried but failed to stamp out and that he then “got scared” and ran home.
Defendant was indicted for five counts of murder in the second degree on the theory that he had demonstrated a depraved indifference to human life. His pretrial motion to suppress his confession having been denied after a hearing, defendant pleaded guilty to five charges of criminally negli *326 gent homicide. The Appellate Division affirmed the conviction, without opinion.
On this appeal defendant argues that his confession was obtained in violation of his right to counsel, that the evidence before the Grand Jury was insufficient to sustain the indictment because his confession was not corroborated, that it was not voluntary, and that his arrest and incarceration on the disorderly conduct charge was but a pretext to sober him up for the polygraph test and, therefore, improper conduct on the part of the People. The sufficiency of the evidence presented to the Grand Jury cannot now be raised because as we held in People v Clairborne (29 NY2d 950, 951), “A bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed.” The Trial Judge found the confession to have been voluntary and that incarceration on the disorderly conduct charge was not a pretext. Those findings having been affirmed by the Appellate Division are now beyond our consideration. We therefore discuss only defendant’s right to counsel.
With respect to the right to counsel, defendant relying principally on People v Samuels (49 NY2d 218) and People v Rogers (48 NY2d 167), claims that the pendency of the shoplifting complaint in combination with the issuance of the arrest warrant caused his right to counsel to attach “indeliblv” on the unrelated arson case (see People v Settles, 46 NY2d 154, 165). Therefore, argues defendant, he could not waive counsel in counsel’s absence and his confession must be suppressed. We disagree.
Both Samuels and Rogers deal with when the right to counsel indelibly attaches and, therefore, may not be waived in counsel’s absence. The line of cases of which Samuels is a recent manifestation holds that upon the commencement of formal adversary proceedings the right arises, without regard to whether defendant in fact has or has requested counsel (People v Cunningham, 49 NY2d 203, 208). Proceedings are commenced, we have held, upon the filing of a felony complaint (People v Samuels, supra), upon indictment (People v Settles, supra), as well as upon arraignment (People v Meyer, 11 NY2d 162). As expressed in Settles (supra, at p 163), the justification for this principle *327 is that when “the character of the police function shifts from investigatory to accusatory” the assistance of counsel becomes “indispensable”.
The right to counsel may, however, “indelibly attach” apart from the commencement of formal adversary proceedings. As we recognized in Cunningham (49 NY2d, at p 208), there is a second distinct line of cases beginning with People v Donovan (13 NY2d 148) and running through People v Arthur (22 NY2d 325) and People v Hobson (39 NY2d 479), which articulates the rule that a suspect who has retained or been assigned counsel may not be questioned about the specific charge on which he is being held in the absence of counsel. That rule was extended in People v Rogers (supra), to bar questioning of a suspect who is in custody and represented by an attorney, about matters unrelated to the charge on which he is being held, in People v Cunningham (supra), to a suspect in custody not yet represented by counsel but who has requested counsel, and in People v Skinner (52 NY2d 24) to one not in custody but who is questioned about a matter under investigation in relation to which he is known by the officials to have obtained counsel. The predicates for this branch of the counsel rule are fundamental fairness, the belief that an attorney’s presence is the most effective means of minimizing the disadvantage of the accused person in custody, and the recognition that an unrepresented defendant in custody who has requested an attorney has indicated his own belief that without legal advice he is not competent to deal with those in whose custody he is being held (People v Cuningham, supra, at pp 207-209). That ruling, we said in Hobson and reiterated in Cunningham (at p 208), “breathes life into the requirement that a waiver of a constitutional right must be competent, intelligent and voluntary.”
Defendant in an overly simplistic lumping of the two lines of cases argues from Samuels that the arrest warrant and accusatory instrument[1] on the shoplifting charge[2] created *328 a nonwaivable right to counsel and from Rogers that attachment of that right prevented interrogation on any other criminal matter. While the filing of an accusatory instrument triggers a right to counsel with respect to the charge made by the accusatory instrument, the right to counsel and representation by counsel are not the same thing. The fact that defendant Kazmarick may have been entitled to counsel on the shoplifting charge does not require, automatically and in all events, acting as though he was in fact represented by counsel and, therefore, protected even as to an unrelated charge. Simply put, the legal fiction of representation indulged by the Samuels line of cases is not tantamount to the actual or requested representation protected by the Roger s-Cunningham line. To accept the “strict liability” rule for which defendant argues would tax law enforcement officials anywhere with knowledge of accusatory instruments on unrelated charges everywhere, and unnecessarily and unrealistically limit police interrogation procedures (see People v Servidlo, 77 AD2d 191; cf. People v Miller, 76 AD2d 576).
This is not to say that law enforcement officials may never be chargeable with knowledge that defendant is in fact represented by counsel, or has requested counsel on an unrelated charge, in such a way as to cut off their rights to interrogate except in the presence of, or after waiver made in the presence of, counsel. Though the emphasis in the Rogers line of cases has been upon actual awareness by the police that defendant has counsel (People v Marrero, 51 NY2d 56, 59; People v Garofolo, 46 NY2d 592, 599; People v Blake, 35 NY2d 331, 338; People v Arthur, supra, at p 329), we noted in People v Cunningham (supra, at p 209), that the police may not obtain a waiver of the right to counsel “in the absence of counsel once they know or have reason to know that an attorney has become involved in the case,” and in People v Garofolo, (supra), and People v Pinzon (44 NY2d 458) we have held a county police department barred on constructive notice principles from interrogating a suspect in its custody in one of its office by notice given to central police headquarters that the suspect was represented by counsel. None of our decisions go so far, however, as to hold the police bound because they had reason to know of *329 another charge on which defendant’s right to counsel has attached, as defendant urges.
We do not find it necessary on the present record to determine whether or under what circumstances knowledge, actual or constructive, by the police of a pending unrelated charge against defendant will be sufficient to put them on notice that defendant is in fact represented by counsel on that charge and, therefore, may not be interrogated on the new matter, absent waiver of counsel in the presence of counsel.[3] Obviously, if the suspect informs the police that he has a lawyer on an unrelated pending case his right to counsel on the new matter will indelibly attach and bar interrogation (People v Cunningham, supra; People v Servidio, supra). Short of such direct advice, however, even actual knowledge by the police that there is a pending unrelated charge, such as defendant Kazmarick’s shoplifting offense, cannot charge them with any more information than would have been revealed had the police made reasonable inquiry concerning whether defendant in fact had counsel on the unrelated charge.
Though the record shows that the detective sergeant who took defendant to both polygraph tests was aware of the shoplifting charge appearance ticket, any inquiry made would have revealed that defendant Kazmarick was not represented on that charge, for his brief on this appeal concedes that he “had failed to appear in Court [on the shoplifting charge] since his arrest the previous November” and argues only that with the issuance of the arrest warrant “Kazmarick’s right to an attorney attached,” not that he ever had counsel on that charge.[4] Consequently, defendant’s right to counsel on the second degree murder charges had not indelibly attached as a consequence of either that pending case or warrant so as to require suppression of his subsequent confession.
*330 For the foregoing reasons, the order of the Appellate Division should be affirmed.

. A misdemeanor information was filed.

. On this appeal defendant does not suggest that assignment of counsel on the disorderly conduct matter affected the right of the police to question him concerning the murder charge.

. People v Servidio, supra, rejected a constructive knowledge-strict liability approach. Without accepting or rejecting that conclusion, we note that proximity in time and geographical location would, as Servidlo suggests, have important bearing, as would the seriousness of the pending unrelated charge.

. The People’s brief, to which no reply was filed, states flatly that on the petty larceny charge “no counsel had been retained or appointed” for Kazmarick.