Gabrielli, J.
(concurring). I concur in the majority’s decision to sustain defendant’s conviction. However, I am unable to adopt the analysis advanced by the majority for, in my view, it has overruled the well and firmly established principle that the failure of an indictment to charge every required element of a crime is a non waivable jurisdictional defect. Nonetheless, I vote to affirm the order of the Appellate Division for the simple reason that the Legislature has determined that a failure to file a required sales *588 and use tax return is punishable as a strict liability offense.
Defendant was charged by a 10-count indictment with, among other offenses, the crime of failure to file a New York State and local sales and use tax return in violation of subdivision (b) of section 1145 of the Tax Law. In charging the defendant with this crime, the indictment simply tracked the language of the applicable statute. Defendant moved on several grounds to have the indictment dismissed, arguing inter alia that the counts of the indictment dealing with the failure to file sales tax returns must be dismissed because an allegation of willfulness was lacking. In so doing, defendant relied upon People v Cooper (24 NY2d 877), a case which interpreted a New York City statute (Administrative Code of City of New York, § N46-17.0, subd [b]) similar to subdivision (b) of section 1145 of the Tax Law. In Cooper, the court held that the applicable provision of the New York City Administrative Code required proof of a willful failure to file tax returns in order to sustain a conviction. In the case before us, Trial Term rejected defendant’s contention and denied the motion to dismiss, however, stating that even if the Cooper holding were applicable to the State statute, it would not be controlling in this instance since it dealt only with the proof required at trial and not with pleading requirements. Thereafter, the defendant pleaded guilty to failing to file a New York State and local sales tax return, and the judgment of conviction was unanimously affirmed by the Appellate Division, without opinion.
In the present appeal, defendant has attempted to renew the argument he made before Trial Term. The majority, however, has completely ignored and sidestepped the issue raised by the defendant — whether willfulness is an element of the crime established by subdivision (b) of section 1145 of the Tax Law — and, in a Per Curiam opinion devoid of analysis, has departed from precedent to overrule principles firmly embedded in our system of justice. To analyze fully the effect of the majority’s holding the underpinnings of the indictment process as it has evolved in New York must be briefly examined.
The indictment process has a long-standing tradition in New York. Historically, the indictment has served multiple *589 functions, some of which have been replaced by the use of other devices which have evolved with the criminal justice system (see People v Iannone, 45 NY2d 589). Nonetheless, the fundamental and the constitutionally mandated purpose of the indictment remains “to prevent the people of this State from potentially oppressive excesses by the agents of the government in the exercise of the prosecutorial authority vested in the State” (People v Iannone, supra, at p 595, citing 1 Holdsworth, A History of English Law [3d ed, 1922], p 321). Before a citizen may be held answerable for a crime charged by indictment, a Grand Jury must first evaluate the State’s proof and conclude that there is both reasonable cause to believe that the person accused committed the crime charged and, further, that there is legally sufficient evidence to establish each and every element of that offense (GPL 190.65, subd 1). Indeed, by handing up an indictment (or refusing to do so), the Grand Jury performs its historic function as a bulwark against unwarranted prosecutions.
The indictment itself, which is the product of a Grand Jury’s deliberations, is a most meaningful legal document and is not merely a vestige of some ancient ritual. Its modern function is, in part, to serve as evidence that a panel of citizens has fulfilled the historic and statutorily mandated duties of a Grand Jury. In addition, the document also serves to provide the defendant with sufficient notice to prepare a defense. Indeed, we have recently stated that “the basic essential function of an indictment * * * is * * * to notify the defendant of the crime of which he stands charged” (People v Iannone, supra, at p 598). The majority today, by its holding, has effectively abrogated several of these firm principles.
The Per Curiam opinion discusses defendant’s contentions concerning the failure of the indictment to allege the element of willfulness without determining whether willfulness is actually an element of the crime. The majority first states that an indictment which, without more, charges a violation of a specific statute, sufficiently incorporates both the statutorily defined elements and those elements of the crime produced by “judicial gloss”. Thus, following the reasoning and holding of the Per Curiam in this case, *590 if a statute defining a crime contained no reference to a required culpable mental state, an indictment which merely reiterates this statutory section would be legally sufficient notwithstanding that the courts have interpreted the statute as requiring that there be proof of the element of willfulness. Such a position is devoid of either legal or logical basis. Furthermore, in the present case the majority does not reach the question of whether willfulness is an element of the crime charged because the majority also holds that defendant, by his plea of guilty, waived any objection to the failure of the indictment to set forth this element. Without a hint of legal analysis, the majority has severely undermined several of the critical and important functions which the indictment has heretofore served and the protections which it has afforded.
To guard against unwarranted accusations, the indictment process requires that a Grand Jury first determine if a defendant may be held over for trial. As noted, the Grand Jury must determine whether there is reasonable cause to believe that the person accused committed the crime charged and, further, that there is legally sufficient evidence to establish each and every element of that offense (CPL 190.65, subd 1). The Grand Jury, of course, may not restrict itself to a review of only those elements of the crime defined in the statute, but must also consider judicially mandated elements. If the indictment does not specifically set forth each of these elements, however, it will be impossible to discern from the face of the indictment whether the Grand Jury did in fact conclude that there was legally sufficient evidence to establish the essential elements not specifically mentioned or referred to in the statute. In this case, as in most cases, the statement contained in the indictment is the only means by which we may ascertain the findings of the Grand Jury. This is precisely why it is essential that the indictment state each and every element of the crime, including those which are not expressly provided for in the applicable penal statute.[1]
*591 An indictment which fails to state each of the elements of the crime charged also deprives the defendant of the notice to which he is entitled in order to prepare his defense. If an indictment merely recites that the defendant has violated the provisions of a specifically designated statute, the defendant will be forced to divine from speculation, perhaps, exactly what elements the People will have to prove against him at trial. This may be no easy task, for a majority of this court today is unwilling, and indeed refuses to state whether willfulness is an element of the crime of failing to file a sales and use tax return (Tax Law, § 1145, subd [b]).
The most disturbing aspect of the majority’s analysis in this case, however, concerns its holding that the defendant has waived, by his plea of guilty, any objections to the failure of the indictment to allege the element of willfulness. In our recent decision in People v Iannone (45 NY2d 589, supra), in which we stripped the need for factual allegations in indictments to a bare minimum, we held that an indictment will be found jurisdictionally defective if “the acts it accuses defendant of performing simply do not constitute a crime (see People v Case, 42 NY2d 98), or if it fails to allege that a defendant committed acts constituting every material element of the crime (see People v McGuire, 5 NY2d 523)” (45 NY2d, at p 600 [emphasis supplied]). Jurisdictional defects in an indictment have never been held waivable by a plea of guilty (People v Iannone, supra; People v Scott, 3 NY2d 148, and cases cited therein). Viewed in this light, the Per Curiam opinion can only be interpreted as holding that the jurisdictional defects in an indictment may be waived by a plea of guilty. This is pure error. Obviously, it cannot be said, as the majority suggests, that defendant merely waived his power to seek a judicial determination as to whether willfulness is an element of the crime, because defendant’s right to a complete indictment cannot be made to depend upon the failure of the statute or the judicial system to clearly define the elements of the crime prior to his indictment. If the failure of an indictment to allege a necessary element of the crime may be waived, then, essentially, there is nothing left to an indictment that could be considered as jurisdic *592 tionally necessary. I cannot concur in an opinion which serves to abrogate principles so firmly embedded in the fabric of our State Constitution and our prior case law.[2]
Although I am unable to agree with the majority's erroneous reasoning and analysis, I do concur in result, because I am persuaded that willfulness is not an element of the offense proscribed by subdivision (b) of section 1145 of the Tax Law and that the defendant pleaded guilty to an indictment which did contain the essential elements of the crime charged.
Subdivision (b) of section 1145 of the Tax Law, when literally read, imposes no specific culpable mental state for the crime of failure to file a return. Instead, the statute simply provides that “[a]ny person failing to file a return required by this article * * * shall, in addition to any other penalties herein or elsewhere prescribed, be guilty of a misdemeanor”. Although the imposition of strict liability is generally disfavored, a criminal statute which does not expressly provide for a culpable mental state may be interpreted as establishing a strict liability crime where, as here, such a result was clearly intended by the Legislature (see Penal Law, § 15.15, subd 2). In this situation, it is significant that the Legislature has intentionally and specifically made “intent” an element of the crime of evading the payment of personal income tax (Tax Law, § 695, subd [a]), while imposing no such requirement upon the crime of failing to file a sales and use tax return. Additionally, subdivision (b) of section 1145 also proscribes conduct other than failing to file such returns and carefully provides that willfulness shall be an element of certain other crimes therein provided for, yet the statute specifies no similar requirement of a culpable mental state for the crime of failing to file a sales and use tax return. Viewed in this *593 light, the crime to which defendant entered a guilty plea cannot be read as containing the element of willfulness. No such element is required, for the crime charged is a strict liability offense. To the extent that the holding in People v Cooper (24 NY2d 877, supra) is to the contrary, it must be deemed as having no controlling force.
One further comment is in order. The weakness of the majority’s analysis is further evidenced by their use of People v Kazmarick (52 NY2d 322) and People v Clairborne (29 NY2d 950) in order to sustain their position. Reliance on these cases is completely unavailing. Kazmarick dealt only with a guilty plea operating to waive objections to the sufficiency of the evidence before the Grand Jury and did not speak to the failure of an indictment to allege all of the essential elements of the crime charged. Similarly, Clairborne is equally unsupportive of their position, since the indictment in that case, although technically unauthorized, was not defective in the sense that it failed to give notice of all the elements of the crime charged (cf. People v Iannone, 45 NY2d 589, supra).
Accordingly, I would reach the merits and affirm the order of the Appellate Division.
Judges Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion; Judge Gabrielli concurs in a separate opinion in which Chief Judge Cooke and Judge Jasen concur.
Order affirmed.

. It goes without saying, of course, that if the statute itself contains the required elements (including a mental state where required), the recitation of the statute will suffice.

. My disagreement with the majority’s error is made the more evident by the facts in this case. Defendant entered a guilty plea to the crime stated in the indictment charging a failure to file sales and use tax returns. If, as one might assume subdivision (b) of section 1145 will be interpreted as punishing a “willful” failure to file returns, defendant, in pleading guilty to the change as described in this indictment, is accepting punishment for conduct which does pot constitute a crime. Of course, such a result is unacceptable under our system of criminal jurisprudence (People v Briggins, 50 NY2d 302, 309; People v Case, 42 NY2d 98, supra).