■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS C. COLE, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, J.), rendered August 18, 1980, convicting defendant upon his plea of guilty of the crimes of arson in the third degree, burglary in the third degree, criminal mischief in the second degree and petit larceny. Defendant seeks to challenge on this appeal the propriety of the trial court's decision denying his motion to suppress certain oral statements made to police on November 2, 1979. On that date, following the issuance of an arrest warrant based on a felony complaint charging defendant with having set fire to a restaurant in the Town of Colonie, Albany County, defendant was arrested at his residence in the Town of East Greenbush, Rensselaer County. Before being arraigned at the Town of Colonie Police Department, defendant was questioned by members of the State Police and Town of East Greenbush Police Department regarding a series of fires which had occurred in Rensselaer County. This prearraignment questioning concerning defendant's participation in various Rensselaer County fires elicited certain oral statements from defendant, and further written statements regarding the Rensselaer County matters were given by defendant following his Town of Colonie arraignment. Following a 34-count indictment accusing defendant of involvement in 11 separate Rensselaer County incidents, defendant moved to suppress both oral and written statements given to police at the time he was arrested on the Town of Colonie charge. While the trial court granted defendant's motion as to all statements made following his arraignment at the Town of Colonie Police Department on November 2, 1979, at which time he first indicated his desire to be represented by counsel (*People v Rogers,* 48 NY2d 167), the motion was denied as to those oral statements made *prior* to defendant's arraignment on that date. Defendant subsequently pleaded guilty to the first four counts in the Rensselaer County indictment* involving a fire set in a school and has taken this appeal from the judgment of conviction sentencing him to an indeterminate seven-year period of imprisonment. The Court of Appeals has recently dealt with the issue involved in this case: "A pending *unrelated* criminal case upon which an arrest warrant has issued does not bar the police from questioning a suspect when the suspect does not in fact have counsel on the unrelated charge" (emphasis added). (*People v Kazmarick,* 52 NY2d 322, 324.) Defendant attempts to escape the controlling effect of *Kazmarick* by arguing that the Town of Colonie charge upon which he was initially arrested was

---

* The other 30 counts in the indictment remain open against defendant.

related to the Rensselaer County charges being reviewed on this appeal. Based on the record before us, there is no reason for disturbing the trial court's factual finding that the Rensselaer County incidents about which defendant was questioned prior to his arraignment on November 2, 1979 were unrelated to the Town of Colonie charge. The Town of Colonie fire involved defendant's place of employment and occurred during business hours. The Rensselaer County incidents involved in the Rensselaer County indictment on the ground that the incidents were isolated in time and not part of a common scheme or plan. Defendants should not now be heard to argue that these 11 incidents, some of which did not involve arson, all occurred during the late night or early morning hours at unoccupied buildings which were broken into. Finally, defendant himself moved for and was granted separate trials on each of the 11 incidents, in addition to being related to each other, were also related to the restaurant fire in the Town of Colonie. Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.