OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s principal argument on this appeal is that his statements to the police, made before any charges were brought against him and after he had waived his right to *793 counsel, should have been suppressed. The facts relating to defendant’s two separate encounters with the police are as follows: Shortly after midnight on June 29, 1978, police officers investigating a report that four men in an automobile were selling drugs approached the automobile in which defendant and three others were sitting. After the driver attempted to flee, and failed to produce a license or registration, the police ordered the occupants out of the automobile. One officer noticed a bulge in defendant’s pocket, which a subsequent search revealed was a derringer. Defendant was arrested and charged with possession of the derringer, which was seized. Defendant was represented by counsel at his arraignment on June 30, 1978, at which time the People moved to dismiss the charge because the prosecutor believed the derringer had been unlawfully seized. The court granted the People’s motion and the case was dismissed that day.
Seven days later, on .July 7, 1978, defendant was questioned by a homicide detective investigating the murder of Steven Pettigrew. Defendant waived his right to counsel and, although he refused to discuss Pettigrew’s murder, he did make inculpatory statements to the effect that he had participated with Pettigrew in a burglary of a gun shop in New Jersey and had taken several guns, including the derringer previously seized. Defendant was thereafter arrested on charges of criminal possession of weapons and conspiracy to possess firearms and ammunition, and his statements to the homicide detective were admitted into evidence at trial.
Defendant claims that his inculpatory statements should have been suppressed because his right to counsel in this case attached on June 30, 1978, when he was represented by counsel at his arraignment on the derringer possession charge, and his waiver on July 7 therefore was ineffective in the absence of counsel.
A suspect may not be questioned on a criminal matter in the absence of counsel once criminal proceedings have commenced against him in the very case about which the questions are to be asked (People v Samuels, 49 NY2d 218), or once the suspect is actually represented by an attorney in a pending criminal proceeding. (People v Hobson, 39 *794 NY2d 479.) When, however, no criminal proceedings have commenced, and the suspect is not in fact represented by an attorney in any criminal proceeding or on the matter as to which he is being interrogated, he may waive his right to counsel without the presence of an attorney. (People v Kazmarick, 52 NY2d 322, 328-329.)
Here, at the time of defendant’s waiver and statements to the police, no criminal proceedings had been instituted against him. Furthermore, although defendant had been represented by counsel at his arraignment on the earlier charge, when that case was dismissed on the People’s motion on June 30, defendant’s representation by counsel in that matter had come to an end without any indication that the representation continued (cf. People v Miller, 54 NY2d 616, 619; People v Singer, 44 NY2d 241, 251), or that the termination of the earlier charge was the result of manipulation by the People. (Cf. People v Osgood, 52 NY2d 37, 45, n 2.)
Defendant argues that, simply by virtue of the derringer, the charge brought against him on June 29 was so “interrelated and intertwined” with the July charges that date of commencement of the latter charges should be deemed to be June 29. That argument has no support in the record.
The charge of June 29, that defendant possessed a derringer when frisked by police officers investigating a report of drug traffic, involves a different criminal matter than the July 7 charges, that defendant and several others possessed a large supply of guns and ammunition as the result of a gun store burglary. At the time of defendant’s first arrest on June 29 and the dismissal on June 30, the record shows that the police did not know of the burglary. What led the homicide detective to defendant on July 7 was not the derringer but rather the investigation of the murder of Pettigrew. Accordingly, at the time defendant waived his right to counsel, criminal proceedings had not been commenced against him, and any inquiry regarding the earlier charge would have revealed that he was in fact not represented by counsel in any pending criminal proceeding. (People v Kazmarick, 52 NY2d 322, 328-329, supra. ) In such circumstances, defendant himself could waive his right to counsel, which he did.
*795 We have reviewed defendant’s other claims of error and consider them to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.