■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RAPINETT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered June 9, 1980, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain statements. Case remitted to Criminal Term to hear and report on the issues of (1) whether defendant was represented by counsel at the time he took a lie detector test in January, 1978 and (2) if he was so represented, whether such representation terminated prior to the time he was questioned by the police, in the absence of counsel, shortly after his arrest on January 23, 1979; appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. Defendant's papers in support of his motion to suppress statements elicited during police questioning conducted shortly after his arrest on January 23, 1979, contained two grounds for suppression, i.e., (1) that he was arrested without probable cause and (2) that his statements were coerced by the police. However, at the beginning of the *Huntley* hearing, defendant's counsel advised the court that a third ground for suppression existed, i.e., that defendant was actually represented by counsel at a consensual lie detector test to which he

submitted in January, 1978, during the early phase of the investigation of the instant crime and that, as a result, defendant was deprived of his right to counsel when he was questioned by the police, in the absence of counsel, shortly after his arrest approximately a year later. Specifically, the following colloquy occurred at the beginning of the *Huntley* hearing: "[Defense Counsel] It is also my understanding — and you can correct me if I am wrong — that he was represented by counsel at the time of the lie detector test. [Assistant District Attorney] That is my understanding, your Honor * * * [Defense Counsel] My position is, and I would like to have a hearing on this subject as well, as to whether the Assistant District Attorney, the police or anybody on the side of law enforcement had the right to question Rapinett * * * when he was already represented by counsel the year previously. Irrespective of whether they gave him warnings or not I think the right to counsel existed and I think they had no right to question him under those circumstances without calling his lawyer in". It also appears from the record that the detective who was the primary investigator of this case, and who was present when defendant was questioned and confessed shortly after his arrest on January 23, 1979, also arranged for and accompanied the defendant to the lie detector test conducted by the police in early January, 1978. Criminal Term advised counsel that there was "no reason why all * * * questions [could not] be dealt with as part of the *Huntley* Hearing". Defense counsel did not further pursue this issue at the *Huntley* hearing, either by way of testimony or in arguments at the conclusion thereof. However, his omission in this regard is somewhat understandable in view of the Assistant District Attorney's response which could have easily been construed by defense counsel as a formal concession by the People. In any event, Criminal Term, contrary to its earlier statement to defense counsel, failed to address this right to counsel issue in its decision denying the motion to suppress. Accordingly, the matter must be remitted to Criminal Term to hear and report on the right to counsel issue (see, e.g., *People v Hobson,* 39 NY2d 479; *People v Marrerro,* 51 NY2d 56; *People v Skinner,* 52 NY2d 24; *People v Mann,* 60 NY2d 792). Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.