■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ABDULLAH, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered March 23, 1984, convicting him of criminal possession of a forged instrument in the second degree (two counts), criminal possession of stolen property in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On July 7, 1982, defendant was questioned by Detective McCabe of the Suffolk County Police Department about a stolen and forged check payable to one Fernando Carrasco (the Carrasco check). The defendant was arraigned on that charge the next day and released. On July 26, 1982 Detective McBride of the same police department questioned defendant pursuant to his investigation of a stolen Treasury check payable to one Lillie Sellers (the Sellers check).

On appeal defendant argues that the statements he made to McBride should have been suppressed because they were obtained in violation of his right to counsel. It is his position that his right to counsel indelibly attached at the arraignment on the

charges relating to the Carrasco check and precluded uncounseled interrogation about the subsequent charges relating to the Sellers check. We disagree.

· The commencement of formal adversary proceedings, including arraignment, triggers the defendant's right to counsel (*see, People v DiBiasi,* 7 NY2d 544; *People v Meyer,* 11 NY2d 162). Once this protection has attached, it renders ineffective any attempted waiver of counsel, outside of counsel's presence, with respect to the pending charge (*see, People v Samuels,* 49 NY2d 218; *People v Settles,* 46 NY2d 154). Moreover, with respect to subsequent unrelated charges, the defendant is also protected — but only in those instances when he was actually represented by an attorney on the prior still-pending charge (*People v Bartolomeo,* 53 NY2d 225; *People v Kazmarick,* 52 NY2d 322, 324). If the suspect is not, in fact, represented by counsel in connection with the prior charge, then the police are not barred from questioning the suspect on the new matter (*see, People v Hawkins,* 55 NY2d 474, 484, n 3, *cert denied* 459 US 846; *People v Kazmarick, supra*).

In the instant case, the parties stipulated that the defendant proceeded *pro se* with reference to both arrests until September 1982. Since defendant was not in fact represented by an attorney before July 26, 1982, he effectively waived his *Miranda* rights when he was questioned by McBride on the subsequent charge.

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.