THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH JOHN HOFF, Appellant.

Although the crimes for which defendant was indicted in 1979 actually occurred in 1954, the County Court properly held that defendant had not been deprived of due process. The right to due process under NY Constitution, article I, § 6 has been held to be broader than the right to due process recognized in US Constitution, 5th, 14th Amendments (*People v Singer,* 44 NY2d 241, 253). The Court of Appeals in *Singer* held that a lengthy and unjustifiable delay between the occurrence of a crime and arrest

will, in certain circumstances, violate a defendant's due process rights under the State Constitution even without a showing of prejudice. This is in contrast to the prevailing interpretation of the Federal due process clause (*see, United States v Birney,* 686 F2d 102) which is that prejudice is an essential element of a claim of deprivation of due process based on prearrest delay. However, the *Singer* court held that in order to establish a violation of due process, it is necessary to show that the prearrest delay is unjustifiable. Thus, a good-faith investigative delay prior to arrest does not warrant dismissal of the indictment on due process grounds (*see, People v Best,* 83 AD2d 881; *People v Gannett,* 68 AD2d 81, 88, *affd* 51 NY2d 991; *People v Bryant,* 65 AD2d 333). A prosecuting authority has no duty to arrest a suspect as soon as probable cause exists and before the prosecutor is satisfied that there is enough evidence to prove the suspect's guilt beyond a reasonable doubt (*see, United States v Lovasco,* 431 US 783, 796). In this case, the record reveals that the police had a good-faith basis to believe they lacked sufficient evidence to successfully prosecute defendant in 1954. Two anonymous telephone calls which police received in 1979, in which the caller related that defendant had confessed his guilt to the 1954 murder, stimulated new interest in the old case, and it was only after defendant subsequently made incriminating statements to police that there appeared to be a strong case against him. The lengthy investigative delay does not appear to have been engineered by the police to gain a tactical advantage (*cf. People v Singer, supra; United States v Lawson,* 683 F2d 688, 694) and, under all the circumstances of this case, was justified.

Defendant also contends that an attorney had been retained by his family when he initially fell under suspicion in 1954. Defendant argues, therefore, that he was incapable of waiving his right to the presence of an attorney during the questioning which occurred at the time of his arrest in 1979 (*see, People v Hobson,* 39 NY2d 479). However, the uncontradicted testimony of that attorney is that, as of 1979, he no longer represented the defendant. When no criminal proceedings have been commenced, and a suspect is not in fact represented by an attorney in any criminal proceeding or in connection with the matter as to which he is being interrogated, he may waive his right to counsel without the presence of an attorney (*People v Mann,* 60 NY2d 792, 794; *People v Kazmarick,* 52 NY2d 322, 328-329; *People v Abdullah,* 108 AD2d 817). Although that same attorney, by his associate, represented defendant in an unrelated criminal proceeding commenced in 1970, the record reveals that representation ended when the defendant pleaded guilty to that charge and that the attorney in question subsequently repre-

sented defendant's wife in her divorce action against him. Accordingly, defendant was not in fact represented by any attorney at the time of his arrest in 1979, and was capable of waiving his right to counsel without counsel being present.

Defendant also argues that certain statements were made by him while in custody after his allegedly illegal arrest in 1979. We need not decide whether the anonymous telephone call in 1979, in conjunction with all the circumstantial evidence which had accumulated against defendant in 1954, gave rise to probable cause to arrest defendant. This is so because we see no reason to overturn the County Court holding that defendant went to the police offices in Hauppauge voluntarily, and, at least until 2:00 P.M. on the afternoon of the day of his arrest, the interview conducted there was investigatory, not custodial (*see, e.g., People v Yukl,* 25 NY2d 585; *People v Torres,* 97 AD2d 802, 804). We have reviewed defendant's remaining contentions and find them to be without merit. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.