Meyer, J.
(dissenting). The majority’s overly literal application of People v Kazmarick (52 NY2d 322) overlooks an essential factual distinction between that case and this — in Kazmarick the defendant never had counsel on the unrelated charge; here counsel had in fact been assigned on the unrelated kidnapping charge. To apply Kazmarick in the instant situation because defendant has not borne the burden of showing that at the exact moment of interrogation on the present murder charge substitute counsel had in fact been appointed for counsel originally assigned on the kidnapping charge is a denigration of the constitutional imperative on which rests the State’s obligation to provide counsel to an indigent defendant and not to conduct interrogation in the absence of counsel, or after waiver in the presence of counsel, once the right to counsel has attached. I, therefore, respectfully dissent.
*389 People v Bartolomeo (53 NY2d 225, 231) holds that “[kjnowledge that one in custody is represented by counsel, albeit on a separate, unrelated charge, precludes interrogation in the absence of counsel and renders ineffective any purported waiver of the assistance of counsel when such waiver occurs out of the presence of the attorney”. Although the statement suppressed in Bartolomeo had been obtained during the investigatory phase of the homicide to which it related, its holding was said to follow “naturally on the awareness on the part of law enforcement personnel of judicial concern for, and protection of, a criminal defendant’s right to the aid of counsel at every critical stage of proceedings against him.” It was, therefore, judicial concern for, and protection of, Bartolomeo’s right to the aid of counsel in the unrelated arson proceeding that required suppression of his statement concerning the homicide, made in the absence of counsel.
There can be no question, however, that the same judicial concern for, and protection of, a criminal defendant’s right to aid of counsel would have prevented interrogation of Bartolomeo on the arson charge had his assigned counsel found it necessary because of a conflict to ask to be relieved, even though substitute counsel had not yet been assigned at the time the interrogation took place. This is because once a critical stage of the criminal proceeding is reached, defendant is entitled to the “opportunity to consult counsel, assigned if necessary, without delay” (People v Samuels, 49 NY2d 218, 223), because “[i]t cannot be assumed that an attorney would abandon his client merely because the police represent that they seek to question on a matter unrelated to the charge on which the attorney has been retained or assigned” (People v Rogers, 48 NY2d 167,173), because “[counsel initially appointed should continue to represent the defendant through all stages of the proceedings unless a new appointment is made because * * * necessary,” and because “[i]f leave to withdraw is granted * * * successor counsel should be appointed” (ABA Standards Relating to Providing Defense Services §§ 5.2, 5.3). It necessarily follows from the obligation of the criminal justice system to assure continuity of counsel once the right to counsel has attached and from the Rogers-Bartolomeo reasoning that interrogation on the new charge still under investigation is likewise barred during a hiatus in representation of defendant by counsel, not brought about by defendant.
The majority nevertheless avoids that result by holding that defendant failed to establish that he was in fact represented by substitute counsel at the time he was interrogated, reasoning *390 that if the burden of proof is imposed on the People they will have to prove the negative of something within the knowledge of defendant. For me that is an unacceptable construct; unacceptable because it is the State’s obligation to provide substitute assigned counsel “without delay” and because whether the State has carried out that obligation is as much within the knowledge of the People as it is within the knowledge of the defendant. Far from seeking to extend Rogers-Bartolomeo, as the majority suggests, I seek only to preserve the rule declared by this court but a short time ago.
What is particularly distressing about the majority holding is that although People v Lucarano (61 NY2d 138, 147) recognized that “[t]he value of this protection [of the right to counsel] to the individual far exceeds the inconvenience caused by requiring that the police make a simple inquiry of defendant” whether he is represented by counsel on the unrelated charge of which they are aware, the present holding encourages the police to go ahead with interrogation without inquiry because they have little or nothing to lose. If defendant is in fact represented, the statement will be suppressed in any event; if he is not because the State has not fulfilled its obligation to appoint substitute counsel, or, even though it has, defendant cannot prove that at or before the moment of interrogation it had, the statement is admissible.
Nor can I accept the majority’s characterization of the Appellate Division’s holding as a fortuitous choice of words (majority opn, at p 387). That the assigned attorney sought appointment of substitute counsel did not require that counsel be relieved, for defendant could, after proper inquiry of him by the court, have waived the conflict (People v Lombardo, 61 NY2d 97; People v Jackson, 60 NY2d 848; People v Gomberg, 38 NY2d 307). But more importantly, the crux of the Appellate Division’s ruling was that the originally assigned attorney’s representation continued until a new attorney effectively appeared (99 AD2d, at p 964). With respect to the right of the police to interrogate defendant, I agree with that conclusion. It was the State’s obligation to provide defendant with continuing representation, defendant being in no way responsible for interruption of his representation by counsel first assigned. To hold otherwise is to permit the police to take advantage of the failure of the State to accord defendant his constitutionally protected right to counsel.*
*391 Chief Judge Wachtler and Judges Jasen and Simons concur with Judge Titone; Judge Meyer dissents and votes to affirm in a separate opinion in which Judges Kaye and Alexander concur.
Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.

 Thus in People v Osgood (52 NY2d 37) we declined to accept the District Attorney’s argument that return of an indictment, after dismissal of a felony complaint for inexcusable delay in prosecution, commenced a new speedy trial period, noting {id., at p 45, n 2) the anomalies that would be thus created: “For instance, the defendant’s right to counsel which attaches upon the filing of a *391 felony complaint, thus precluding the police from questioning the defendant by acquiring a waiver of counsel in the absence of counsel (People v Samuels, 49 NY2d 218) would now arguably disattach once the felony complaint is dismissed or withdrawn by the police, thus permitting the defendant to be manipulated into his waiver of counsel where he is once again vulnerable to uncounseled questioning.”