■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN POUGH, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 30, 1985, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying that branch of his omnibus motion which was to suppress certain statements made by him to the police. According to the defendant, his uncounseled waiver of his right to the assistance of counsel should be deemed ineffective because the police should be charged with constructive knowledge of his representation by counsel on unrelated, pending charges. We disagree.

Where the police are obligated to inquire whether a suspect is presently represented by counsel, but fail to do so, they will be charged with the knowledge that they would have obtained upon inquiry *(see, People v Rosa,* 65 NY2d 380, 385; *People v Kazmarick,* 52 NY2d 322, 329). It is the defendant, however, who has the burden of showing that he was, in fact, represented at that time *(see, People v Rosa, supra,* at 387). At bar, the defendant failed to meet this initial burden and there is nothing in the record to support a finding that he was represented by counsel at the time he waived his right to the assistance of counsel and made several inculpatory statements. Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.