*944 OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a unique issue of law related to a motion to suppress a confession made by defendant Noel Cotton. The defendant is before this court charged with two counts of murder in the second degree.
Defendant asserts that defendant’s right to counsel was violated when the police questioned him regarding a homicide which had previously been dismissed by the Grand Jury in 1992 and re-presented in 1994 to a Grand Jury by leave of the court.
The court makes the following findings of fact:
On or about July 21, 1992, the police investigated the homicide of one Jonathan Roach. Defendant was arrested on a warrant on September 24, 1992. On or about September 25, 1992, Noel Cotton retained Miguel Reyes to represent him regarding charges of murder in the second degree related to that homicide. Defendant was charged and arraigned in Rochester City Court. In November of 1992, the charges of murder in the second degree related to the death of Jonathan Roach were dismissed by the Grand Jury. Mr. Reyes continued to represent Mr. Cotton on a Family Court matter which was concluded by defendant’s placement with the Division for Youth.
In March of 1994, an Assistant District Attorney approached Mr. Reyes and asked Mr. Reyes if he continued to represent Mr. Cotton. Mr. Reyes communicated to that attorney that there was a conflict between the defendant Noel Cotton and another client that he represented and he therefore did not represent Noel Cotton.
At some point, the defendant Noel Cotton was charged on a drug-related matter. At that time he was represented by an attorney other than Mr. Reyes. At no time did Mr. Reyes tell the police that he still represented the defendant Noel Cotton on these charges. On September 6, 1994, Mr. Cotton was observed in the vicinity of 528 Parsells Avenue in a vehicle. The police stopped the vehicle and arrested the defendant for the homicide involving the death of one Jonathan Roach. The arrest was based upon the police knowledge that four or five individuals had identified the defendant as the person who committed the homicide along with one Damon Sullivan.
Investigator Coleman and Investigator Campione accompanied the defendant to the Public Safety Building. They had no *945 conversation with him during his transportation from the vicinity of 528 Parsells Avenue to the Public Safety Building. At approximately 1:55 p.m. the defendant was placed in an interview room on the fourth floor of the Public Safety Building. Investigator Coleman fully advised him of his constitutional rights. He was asked if he understood his rights and he responded, "Yeah.” When asked if he would give up his rights and speak with them he said, "Yes, I’ll talk to you now.” Defendant then gave an admission which was reduced to writing and signed by the defendant. The defendant neither asked for an attorney nor advised the police that he was represented by an attorney. There was no evidence that force was used, or that there were any threats or promises made by the police.
On September 6, 1994, Mr. Reyes did communicate to Mr. Cotton that he would not represent him on the homicide charge.
CONCLUSIONS OP LAW
A unique issue of law is presented here regarding the right to counsel and whether or not the defendant could waive his right to counsel outside the presence of the attorney when he was previously represented on the same charge by an attorney. It has long been the rule of law that where a defendant is actually represented by an attorney, the defendant may not waive his right to counsel except in the presence of that attorney (see, People v Hobson, 39 NY2d 479 [1976]). Where no criminal proceedings have commenced and the suspect is not represented by an attorney in a criminal proceeding, a defendant may waive his right to counsel on the matter on which he is being questioned without the presence of an attorney provided such waiver is knowing, intelligent and voluntary (see, People v Mann, 60 NY2d 792, 794 [1983]; People v Kazmarick, 52 NY2d 322 [1981]).
In this case, criminal proceedings were formally commenced in 1992. Subsequently, the case was dismissed after presentation to the Grand Jury. There was an actual termination of representation by the original attorney and there was an intervening criminal charge against the defendant who was not represented by the same attorney. These objective indicators, as well as the expression by the attorney to the District Attorney’s Office that he no longer represented the defendant, are strong indicia that defendant’s representation by counsel *946 came to an end and that there was no continued representation (see, People v Mann, supra, at 794).
Defendant’s reliance on People v West (81 NY2d 370 [1993]) is unsupported and unpersuasive since the factual distinction is apparent. The investigation in the case at bar was not ongoing. There was a clear commencement and a clear conclusion of prior formal proceedings. There was a clear and unequivocal advisement by police and waiver of rights by the defendant which included a knowing, voluntary and intelligent waiver of his right to counsel.
Therefore, the court would conclude that the motion to suppress should be denied in all respects.